UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JERMAINE COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:11-CV-176 JD |
| v. | ) |
| | ) |
| MIGUEL RIVERA, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Jermaine Cooper, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

While being held at the Allen County Jail, Cooper alleges that his incoming mail was opened by the defendants. Although inmates have a First Amendment right to send and receive mail, *Rowe v. Shake*, 196, F.3d 778, 782 (7th Cir. 1999), "freedom from censorship is not equivalent to

freedom from inspection," *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Since the defendants neither prevented his receipt of mail, nor censored him in some other way, he has no claim for a First Amendment violation.

Cooper does have a narrow protection, rooted in the Sixth Amendment, that prevents prison authorities from intruding upon the attorney-client relationship by reading mail between attorneys and inmates. *Id.* In his complaint, however, Cooper does not allege that the mail was to or from an attorney. Indeed, the only indication Cooper provided to demonstrate the character of the letter was an envelope addressed to a personal residence, which bears no marking or label that might be thought to suggest that it was legally related. *See generally Wolff*, 418 U.S. at 576-77.

According to Cooper, because the defendants acted in the absence of a warrant or a security threat to the jail, and because the defendants used the contents of the mail to prosecute him, they violated his Fourth Amendment right to be free of unlawful searches and seizures. Despite his contention, a search is unlawful only when a reasonable expectation of privacy is infringed. *U.S. v. Jacobsen,* 466 U.S. 109, 113 (1984). Prisoners have no reasonable expectation of privacy, *Hudson v. Palmer*, 468 U.S. 517, 529 (1984), therefore no Fourth Amendment violation occurred here. As the government is free to attempt to convict a person using lawfully obtained evidence, Cooper's claim that his mail was impermissibly used against him is without merit. *See U.S. v. Salgado*, 807 F.2d 603, 607 (7th Cir. 1986) (holding that evidence obtained lawfully is not to be excluded).

For the foregoing reasons, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June 7, 2011

                                                         /s/ JON E. DEGUILIO  
                                                        Judge  
                                                        United States District Court